UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC SANDERS, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>ED BUSS, Superintendent of the )<br>Indiana State Prison and Indiana )<br>Attorney General, )<br>)<br>Respondent ) | No. 3:05cv0581 AS |

*MEMORANDUM OPINION AND ORDER*

On or about September 14, 2005, *pro se* petitioner, Eric Sanders, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 18, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner's Traverse and Motion for Evidentiary Hearing filed on March 22, 2006 are in very good legal form, and this Court has carefully examined the same. The state court record was filed manually on January 20, 2006.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. A good starting point here is the unpublished memorandum decision authored by Judge Najam and entered November 15, 2002 by the Court of Appeals of Indiana. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A",

attached hereto and incorporated herein. Another memorandum decision by the Court of Appeals of Indiana was entered on October 21, 2004, which is marked as Appendix "B", attached hereto and incorporated herein. The October 21, 2004 memorandum decision was authored by Judge Riley and concurred in by Judges Crone and Vaidik. The 2002 memorandum opinion by the Court of Appeals of Indiana was not the subject of any effort to seek transfer thereon in the Supreme Court of Indiana.

It is clear from the record that on or about February 22, 2002, the state trial judge sentenced this petitioner to a total of 195 years imprisonment on three counts of murder emanating from the state criminal court in Lake County, Indiana. Certainly the facts explicit in the decision of the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence, but has failed to do so. With reference to the 2004 memorandum decision of the Court of Appeals of Indiana, there was indeed an effort to seek transfer to the Supreme Court of Indiana, and that effort was rendered unsuccessful by an order entered January 6, 2005.

It is certainly basic that the way in which issues are handled in the state judiciary carries a very real presumption of correctness. This is reflected in twin decisions by the Supreme Court in *Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). *See also Charleton v. Davis*, No. 05-2029 (7th Cir. February 28, 2006).

The question is raised here by the Attorney General of Indiana as to whether this petition was timely filed. Certainly this petitioner is given the benefit of *Houston v. Lack,* 487

U.S. 266 (1988), but it's doubtful that is any great moment here.  It is not seriously disputed that the practical effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) was April 24, 1997.  *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002).  The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

Generally, the Court of Appeals of Indiana got it right as far as effective assistance of counsel is concerned under *Strickland v. Washington*, 466 U.S. 668 (1984), as more recently interpreted in *Sanders v. Cotton*, 398 F.3d 574 (7th Cir. 2005).  More recently, *see Davis v. VanNatta*, 438 F.3d 707 (7th Cir. 2006).  There is a real concern about whether these issues were adequately presented to the Supreme Court of Indiana under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  The standards are enunciated in 28 U.S.C. §2254(d) as interpreted in *Williams v. Taylor*, 529 U.S. 362 (2000).

When it is all said and done, this pro se petitioner has failed to demonstrate a basis here for relief under 28 U.S.C. §2254.  After careful consideration, such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:** March 24, 2006

                                                    S/ ALLEN SHARP
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**

3